UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBINSON,<br><br>   Plaintiff,<br><br>   v.<br><br>R. CASTELLON, et al.,<br><br>   Defendants. | No. 2:17-cv-2550 DB P<br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to plaintiff's claim occurred while he was incarcerated at Deuel Vocational Institution. (ECF No. 1 at 1-2.) Plaintiff names as defendants: (1) correctional officers R. Castellon, (2) correctional officer K. Jacobs; (3) correctional officer K. Walthall; and (4) correctional and medical personnel "John/Jane Does 1 through 10." (ECF No. 1 at 2.)

Plaintiff states that on December 18, 2016 defendants Castellon, Jacobs, and Walthall opened a cell block gate, allowing four inmates to enter. (ECF No. 1 at 3.) He claims he later

learned that Castellon allowed the inmates to enter plaintiff's cell and beat plaintiff while plaintiff was asleep. Plaintiff claims he was rendered unconscious and suffered a fractured nose due to the assault. He alleges defendants Castellon, Jacobs, and Walthall allowed the inmates to disappear following the assault.

Plaintiff further claims that after he regained consciousness he left his cell and approached defendants in the control station to seek help. (ECF No. 1 at 11.) Plaintiff claims that defendants Castellon, Jacobs, and Walthall observed plaintiff's bloody face and waited approximately two minutes before pressing the alarm to summon emergency aid. Plaintiff alleges he suffered serious head, shoulder, and chest trauma and was transported to an outside hospital for emergency care.

Plaintiff further claims that Dr. White recommended plaintiff be referred to an outside E.N.T. specialist and the request was approved by Dr. Barber, but he was never seen by such a specialist. (ECF No. 1 at 12-13.) Plaintiff claims he has requested medical care for his broken nose and inability to breathe normally, but has not received treatment. He further claims that defendants have intentionally failed to provide follow-up treatment for his broken nose.

### III.     Does Plaintiff State a Claim under § 1983?

#### A. Eighth Amendment Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence,

. . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Here, plaintiff has alleged that defendants opened the cell block gate and allowed four inmates to enter plaintiff's cell to assault plaintiff while plaintiff was sleeping. Accordingly, plaintiff has stated sufficient facts to state an Eighth Amendment claim against defendants Castellon, Jacobs, and Walthall.

**B. Doe Defendants**

Plaintiff's complaint indicates that he is only bringing an Eighth Amendment failure to protect claim. However, plaintiff has named ten Doe defendants who are correctional and medical personnel and included in the complaint facts regarding his medical care following the assault. An inmate may state a claim for deliberate indifference to his serious medical needs by stating facts showing defendants denied, delayed, or intentionally interfered with his medical treatment. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). While plaintiff has alleged that he did not receive adequate medical treatment for his broken nose following the assault, he has not alleged facts connecting any specific defendant to the alleged deprivation of medical treatment. Nor has he affirmatively indicated he intends to bring a claim for deliberate indifference to his serious medical needs. However, to the extent plaintiff intended to make such a claim, the complaint does not state a claim for deliberate indifference to his medical needs.

Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th

Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. 692. Plaintiff has failed to state facts showing how the Doe defendants violated his rights. In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names. Since by this order plaintiff will be granted the option to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. If plaintiff chooses to file an amended complaint he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

Plaintiff has not alleged sufficient facts to state a claim for failure to provide adequate medical care following the assault because he has failed to state facts showing a connection between the alleged violation and the actions of any specific defendant. Further, he has not stated

////

6

a claim against any of the Doe defendants because he has not specified any specific allegations against any of the doe defendants.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendants Castellon, Jacobs, and Walthall as set forth in Section III above, or to amend the complaint.
4. Plaintiff's claims against the ten Doe defendants are dismissed with leave to amend.
5. Within fourteen days of service of this order plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/robi2550.scrn

7

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CASTELLON, et al.,<br><br>    Defendants. | No. 2:17-cv-2550 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendants Castellon, Jacobs, and Walthall without amending the complaint. Plaintiff understands that by going forward without amending the complaint, he is voluntarily dismissing his claim against the ten Doe defendants without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                 Kenneth Robinson<br>
                                                                                 Plaintiff pro se