UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ROBINSON,

    Plaintiff,

v.

R. CASTELLON, et al.,

    Defendants.

No. 2:17-cv-2550 DB P

ORDER

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. By order dated December 26, 2018, the court screened the complaint and found plaintiff stated an Eighth Amendment failure to protect claim against defendants Castellon, Jacobs, and Walthall. (ECF No. 16.) The court also found that plaintiff failed to state a claim against any Doe defendants based on their failure to provide adequate medical treatment. Plaintiff was given the option to proceed on the complaint as screened or to file an amended complaint. Plaintiff opted to amend the complaint. (ECF No. 19.)

Presently before the court is plaintiff's first amended complaint (ECF No. 22) for screening and his motion to appoint counsel (ECF No. 21). For the reasons set forth below, the court will dismiss the first amended complaint with leave to amend and deny the motion to appoint counsel.

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////
////
////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the First Amended Complaint

Plaintiff states that on December 18, 2016 he was sent to an outside hospital to be treated for head and body trauma, where he was diagnosed with a fractured nose. (ECF No. 22 at 2.) Follow-up treatment was ordered and information regarding such treatment was forwarded to California Department of Corrections and Rehabilitation ("CDCR") medical staff. Plaintiff further states that he was called into a sergeant's office at Deuel Vocational Institution and told that if he withdrew his administrative appeal he would receive medical treatment. (ECF No. 22 at 3.) He states that he did not receive treatment after he withdrew the appeal. Plaintiff alleges he suffers from septal deformities and difficulty breathing as a result of CDCR's failure to provide timely follow-up treatment. (ECF No. 22 at 7.)

### III. Analysis

The first amended complaint fails to state a claim because plaintiff has not clearly identified which individuals deprived him of adequate medical treatment. Plaintiff alleges CDCR medical staff or CDCR generally refused to follow outside doctors' orders to provide follow-up treatment and have plaintiff be seen by a specialist. However, these allegations are insufficient to state a claim because he has not stated facts connecting the denial of treatment to any specific identifiable defendant.

In order to state a cognizable claim, plaintiff must set forth specific factual allegations demonstrating how each defendant violated his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell, 436 U.S. 692.

Here, plaintiff allegation that he was denied treatment for his injury is sufficient to show a violation of his Eighth Amendment rights. However, in order state a cognizable claim, plaintiff must connect the deprivation to a specific defendant or defendants. Plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis. His complaint must put each defendant on notice of the claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not support essential elements of the claim that were not initially pled. Id.

////

////

4

Accordingly, plaintiff's amended complaint will be dismissed with leave to amend because he has failed to identify any specific defendant who violated his right to adequate medical care.

IV. **Amending the Complaint**

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for specific relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Plaintiff's amended complaint omitted the factual allegations against defendants Castellon, Jacobs, and Walthall contained in the original complaint. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against these defendants they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION TO APPOINT COUNSEL

Plaintiff has requested appointment of counsel. (ECF No. 21) Plaintiff argues the court should appoint counsel because he does not understand "all the legal stuff," he is still in custody, and is a participant in the CDCR mental health treatment program.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

////

In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments in support of his motion detail circumstances common to most inmates and therefore do not warrant the appointment of counsel. Further, at this stage of the proceedings the court is unable to determine plaintiff's likelihood of success on the merits. Accordingly, the court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice.
3. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
4. Failure to comply with this order will result in a recommendation that this action be dismissed.
5. Plaintiff's motion for the appointment of counsel (ECF No. 21) is denied.

Dated: February 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/robi2550.scrn2.31